STATE *v.* FLOOD; TRUST CO. *v.* BROWN.

*Aydlett & Simpson for plaintiff.*
*W. L. Small and Ehringhaus & Hall for defendant.*

PER CURIAM. This case has been tried in substantial compliance with the law which is applicable, and the record presents no satisfactory reason for disturbing the verdict.

No error.

### STATE v. JOHN FLOOD.

(Filed 16 September, 1925.)

APPEAL by defendant from *Sinclair, J.,* at March Term, 1925, of the Superior Court of EDGECOMBE.

The defendant was convicted of a breach of the prohibition law and from the judgment he appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

PER CURIAM. The defendant in apt time moved to set aside the verdict on the ground of newly discovered evidence. His Honor heard oral testimony not available to the defendant at the trial and in his discretion denied the motion. In this, we find no error. The motion, of course, cannot be entertained in this Court. *S. v. Jenkins,* 182 N. C., 818. The demurrer to the evidence and the motion to vacate the verdict on the ground that the State's evidence was insufficient were properly overruled. There are no other assignments of error.

No error.

### TIDEWATER BANK & TRUST COMPANY AND METROPOLITAN BANK & TRUST COMPANY v. CATHERINE W. BROWN AND CATHERINE W. BROWN, AS ADMINISTRATRIX OF C. W. BROWN.

(Filed 16 September, 1925.)

APPEAL by plaintiffs from *Cranmer, J.,* at January Term, 1925, of PASQUOTANK.

Plaintiffs brought suit on a promissory note for $2,700.00 executed to the Tidewater Bank & Trust Company by Catherine W. Brown and her

husband, C. W. Brown, who died in 1921. The defendants pleaded usury and a forfeiture of interest under C. S., 2306. The verdict was as follows:

1. In what sum, if any, are the defendants indebted to the plaintiffs? Answer: $2,700.00, without interest.

*Aydlett & Simpson for plaintiffs.*
*W. L. Small and Ehringhaus & Hall for defendant.*

PER CURIAM. Finding no error we must overrule the plaintiffs' exceptions.

No error.

---

E. W. ADDISON v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 16 September, 1925.)

APPEAL by defendant from *Cranmer, J.,* at April Term, 1925, of CURRITUCK.

Civil action to recover damages for an alleged negligent injury and killing of plaintiff's livestock and turkeys by defendant's engines and cars.

From a verdict and judgment in favor of plaintiff, the defendant appeals, assigning errors.

*W. L. Small for plaintiff.*
*Thompson & Wilson for defendant.*

PER CURIAM. The controversy on trial narrowed itself to issues of fact, which the jury alone could determine. A careful perusal of the record leaves us with the impression that the case has been heard and determined substantially in agreement with the law bearing on the subject, and that the validity of the trial should be sustained. All matters in dispute have been settled by the verdict, and no action or ruling on the part of the trial court has been discovered by us which we apprehend should be held for reversible error.

His Honor properly ruled that the expression "any cattle or other livestock," as used in C. S., 3482, was not applicable to turkeys or other fowls. *James v. R. R.,* 166 N. C., 572.

The verdict and judgment will be upheld.

No error.